UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

ROBERT BUTLER,                        )
                                      )
        Petitioner,                   )
                                      )
v.                                    )   Case No. 1:12-cv-1864-TWP-DML
                                      )
BRIAN SMITH,                          )
                                      )
        Respondent.                   )

**Entry and Order Dismissing Action**

**A.**

Petitioner Robert Butler seeks a writ of habeas corpus with respect to a prison disciplinary proceeding identified as Case No. IYC 12-11-0014. In the course of this action, the Indiana Department of Correction reviewed the disciplinary case and decided to dismiss the conduct charge, conviction and sanctions completely.

The dismissal of Case No. IYC 12-11-0014 is the centerpiece of the motion to dismiss filed on May 9, 2013, wherein the Respondent argues that the case has become moot.[1] Butler has opposed the motion to dismiss.

**B.**

A case becomes moot, and the federal courts lose subject matter jurisdiction, when a justiciable controversy ceases to exist between the parties. *See Honig v. Doe,* 484 U.S. 305, 317 (1988) (grounding mootness doctrine in the Constitution's Article III requirement that courts adjudicate only "actual, ongoing cases or controversies").

---

[1] The respondent's motion for extension of time [Dkt. 16] is **granted.**

Butler admits that the good time taken from him and the demotion in time-earning classification have been restored, but contends that the case is not moot because his security level and work release assignment have not been restored. He also mentions that he has not been reimbursed for lost wages.

Butler has indeed identified sanctions which have not been restored, but none of these sanctions resulted in the imposition of "custody" as required by the federal habeas statute, 28 U.S.C. § 2254(a). He cannot now, and never could, obtain relief in this action for non-custodial sanctions. *Mamone v. United States,* 559 F.3d 1209 (11th Cir. 2009); *Virsnieks v. Smith,* 521 F.3d 707, 713 (7th Cir. 2008). To reiterate, the sanctions on which Butler relies in arguing that the action is not moot do not constitute Acustody@ which can be challenged in an action for habeas corpus relief. *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004); *Montgomery v. Anderson,* 262 F.3d 641, 644 (7th Cir. 2001)(when no recognized liberty or property interest has been taken, the confining authority Ais free to use any procedures it chooses, or no procedures at all@). Accordingly, those sanctions do not prevent the action from being moot, and an action which is moot must be dismissed for lack of jurisdiction. *Steel Co. v. Citizens for a Better Environment*, 118 S. Ct. 1003, 1012 (1998).

The motion to dismiss [Dkt. 17] is **granted.**

## C.

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 06/12/2013

_____
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

Robert Butler
No. 885424
Plainfield Correctional Facility
727 Moon Road
Plainfield, IN 46168

stephanie.rothenberg@atg.in.gov